UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
CHARLES D. AUSTIN
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7810
MDD_CDAChambers@mdd.uscourts.gov

August 23, 2024

LETTER TO ALL COUNSEL OF RECORD

Re:   *Deartra T. v. Martin O'Malley, Commissioner, Social Security Administration*[1]
        Civil No. 23-2729-CDA

Dear Counsel:

On October 10, 2023, Plaintiff Deartra T. ("Plaintiff") petitioned this Court to review the Social Security Administration's ("SSA's" or "Commissioner's" or "Defendant's") final decision to deny Plaintiff's claim for Social Security benefits. ECF 1. This case was then referred to me with the parties' consent. *See* 28 U.S.C. § 636; Loc. R. 301 (D. Md. 2023). I have considered the record in this case (ECF 8) and the parties' briefs (ECFs 11, 13 & 14). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). This Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will REVERSE the Commissioner's decision and REMAND the case to the Commissioner for further consideration. This letter explains why.

I.   **PROCEDURAL BACKGROUND**

Plaintiff filed a Title II application for Disability Insurance Benefits ("DIB") and a Title XVI application for Supplemental Security Income ("SSI") benefits on January 27, 2019, alleging a disability onset of May 31, 2017. Tr. 220-27. Plaintiff's claims were denied initially and on reconsideration. Tr. 127-32, 140-53. On January 13, 2021, an Administrative Law Judge ("ALJ") held a hearing. Tr. 44-66. Following the hearing, on March 11, 2021, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act[2] during the relevant time frame. Tr. 12-32. The Appeals Council denied Plaintiff's request for review, Tr. 1-6, so the ALJ's decision constituted the final, reviewable decision of the SSA, *Sims v. Apfel*, 530 U.S. 103, 106-07 (2000); *see also* 20 C.F.R. § 422.210(a). Thereafter, Plaintiff appealed to this Court. Tr. 1638-39. The Court remanded Plaintiff's case to the Commissioner for further administrative proceedings in accordance with sentence four of 42 U.S.C. § 405(g). Tr. 1640. Accordingly, the Appeals Council vacated the decision and remanded the case to an ALJ. Tr. 1643-48. A second

---

[1] Plaintiff filed this case against Kilolo Kijakazi, the Acting Commissioner of Social Security, on October 10, 2023. ECF 1. Martin O'Malley became the Commissioner of Social Security on December 20, 2023. Accordingly, Commissioner O'Malley has been substituted as this case's Defendant pursuant to Federal Rule of Civil Procedure 25(d). *See* Fed. R. Civ. P. 25(d).

[2] 42 U.S.C. §§ 301 et seq.

hearing occurred on May 8, 2023. Tr. 1410-1439. On August 8, 2023, the ALJ rendered their decision denying Plaintiff's claims for DIB and SSI. Tr. 1385-1409. Having exhausted all administrative remedies, Plaintiff filed this second appeal.

## II.     THE ALJ'S DECISION

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The ALJ is required to evaluate a claimant's disability determination using a five-step sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920. "Under this process, an ALJ evaluates, in sequence, whether the claimant: '(1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to [their] past relevant work; and (5) if not, could perform any other work in the national economy.'" *Kiser v. Saul*, 821 F. App'x 211, 212 (4th Cir. 2020) (citation omitted) (quoting *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012)).

Here, at step one, the ALJ determined that Plaintiff has "not engaged in substantial gainful activity since November 13, 2019, the amended alleged onset date." Tr. 1391. At step two, the ALJ found that Plaintiff suffered from the severe impairments of "post-traumatic stress disorder (PTSD), anxiety, nasal encephalocele, cerebrospinal fluid leak, and radiculopathy." Tr. 1391. The ALJ also determined that Plaintiff suffered from the non-severe impairments of "chronic rhinosinusitis, allergic rhinitis, and obesity." Tr. 1391. At step three, the ALJ determined that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." Tr. 1391. Despite these impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) with the following additional limitations. The claimant is limited to frequent climbing ramps and stairs, but never ladders, ropes, or scaffolds. The claimant could frequently balance, stoop, kneel, crouch, and crawl. The claimant must avoid concentrated exposure to hazards. The claimant is limited to work involving only simple, routine tasks. The claimant is limited to no more than simple work-related decisions. The claimant can tolerate no more than occasional changes in the work setting. The claimant is limited to occasional interaction with supervisors and co-workers, and no more than brief and incidental interaction with the public.

Tr. 1394. The ALJ determined that Plaintiff was unable to perform past relevant work as a Department manager (DOT[3] #299.137-010), Retail store manager (DOT #185.167-046), and Area

---

[3] The "DOT" is the Dictionary of Occupational Titles. "The *Dictionary of Occupational Titles*, and its companion, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* . . . , are [SSA] resources that list occupations existing in the economy and

*Deartra T. v. O'Malley*
Civil No. 23-2729-CDA
August 23, 2024
Page 3

supersaver, retail chain store (DOT #185.117-014), but could perform other jobs that existed in significant numbers in the national economy. Tr. 1401-02. Therefore, the ALJ concluded that Plaintiff was not disabled. Tr. 1402.

### III.  LEGAL STANDARD

The scope of the Court's review is limited to determining whether substantial evidence supports the ALJ's factual findings and whether the decision was reached through the application of the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). "The findings of the [ALJ] . . . as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). It is "more than a mere scintilla . . . and somewhat less than a preponderance." *Id.* In conducting the "substantial evidence" inquiry, my review is limited to whether the ALJ analyzed the relevant evidence and sufficiently explained their findings and rationale in crediting the evidence. *See, e.g.*, *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997); *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983) ("Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the [ALJ].").

### IV.  ANALYSIS

Plaintiff argues that the ALJ's decision is unsupported by substantial evidence because they failed to comply with *Mascio v. Colvin*, 780 F.3d 632 (4th Cir. 2015). ECF 11, at 8. Plaintiff contends that once the ALJ found that Plaintiff had moderate concentration, persistence, or pace ("CPP") limitations, the ALJ was required to "either include a corresponding limitation in the RFC assessment or explain why no such limitation [was] necessary." *Id.* at 9. Additionally, Plaintiff argues that the ALJ failed to properly apply the legal standards when assessing and documenting Plaintiff's exertional capacity at step five. ECF 11, at 14. Defendant counters that the (1) ALJ's RFC reasonably accounts for plaintiff's mental impairments and (2) substantial evidence supports the ALJ's assessment of Plaintiff's exertional limitations, allowing for judicial review. ECF 13, at 6, 15

When a claimant possesses a mental impairment, an ALJ is required to make "'a specific finding as to the degree of limitation in each of' the four areas of functional limitation listed in [20 C.F.R.] § 404.1520a(c)(3)." *Patterson v. Comm'r of Soc. Sec. Admin.*, 846 F.3d 656, 659 (4th Cir. 2017) (quoting 20 C.F.R. § 404.1520a(e)(4)). One of these four areas, CPP, concerns "the abilit[y] to focus attention on activities and stay on task age-appropriately." 20 C.F.R. pt. 404, subpt. P, app. 1 § 12.00(E)(3). A "moderate" limitation in CPP means that a claimant's ability to sustain CPP "independently, appropriately, effectively, and on a sustained basis is fair."

---

explain some of the physical and mental requirements of those occupations. U.S. Dep't of Labor, *Dictionary of Occupational Titles* (4th ed. 1991); U.S. Dep't of Labor, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* (1993)." *Pearson v. Colvin*, 810 F.3d 204, 211 n.1 (4th Cir. 2015).

*Id.* § 12.00(F)(2)(c).

Specific to a limitation in the functional area of CPP, an ALJ must expressly account for such limitation, or explain why no such limitation exists, in the function-by-function analysis. *Mascio*, 780 F. 3d at 638; *Shinaberry v. Saul*, 952 F.3d 113, 121 (4th Cir. 2020). An ALJ may not account for a claimant's moderate CPP limitations by restricting the RFC to simple, routine tasks or unskilled work without explaining why such provisions adequately address the claimant's CPP limitations. *See Mascio*, 780 F.3d at 638 (citation omitted) (joining the Third, Seventh, Eighth, and Eleventh Circuits in finding "that an ALJ does not account for a claimant's limitations in [CPP] by restricting the hypothetical question to simple, routine tasks or unskilled work"); *Shinaberry*, 952 F.3d at 121-22. However, when a medical opinion provides "detailed findings" regarding a claimant's "sustained concentration and persistence limitations," an ALJ may account for those limitations by assigning persuasive weight to the opinion and incorporating the opined limitations into the RFC. *See Sizemore v. Berryhill*, 878 F.3d 72, 80-81 (4th Cir. 2017).

Here, the ALJ determined that Plaintiff had a moderate CPP limitation. Tr. 1393. The ALJ then considered Plaintiff's RFC. Tr. 1394. Regarding Plaintiff's mental impairments, the ALJ limited Plaintiff "to work involving only simple, routine tasks. [Plaintiff] is limited to no more than simple work-related decisions. [Plaintiff] can tolerate no more than occasional changes in the work setting. [Plaintiff] is limited to occasional interaction with supervisors and co-workers, and no more than brief and incidental interaction with the public." Tr. 1394

The Court agrees with Plaintiff that the ALJ's lack of explanation constitutes error. Social Security Ruling ("SSR") 96-8p details the steps an ALJ must take when assessing a claimant's RFC. *See generally* SSR 96-8p, 1996 WL 374184 (July 2, 1996). The ruling provides that "[t]he RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)." *Id.* at *7. Here, the ALJ contravened SSR 96-8p by failing to explain how the evidence specifically supported the RFC provisions regarding Plaintiff's moderate CPP limitation. When the ALJ discussed Plaintiff's RFC limitations, they omitted any discussion regarding CPP; instead, listed evidence and simply concluded the RFC findings. *See* Tr. 1397. The Court cannot determine, by reviewing this decision, the ALJ's basis for concluding that Plaintiff's moderate CPP limitation can be accommodated by a restriction to simple, routine tasks. *Thomas v. Berryhill*, 916 F.3d 307, 311 (4th Cir. 2019) ("[M]eaningful review is frustrated when an ALJ goes straight from listing evidence to stating a conclusion.").

Without that discussion, one may infer multiple explanations for the ALJ's conclusion. This, however, is error for at least two basic reasons. First, if the ALJ's restriction for Plaintiff's moderate CPP limitation is assumed to be the RFC provision of "simple, routine tasks," that is, without a doubt, insufficient under *Mascio*. *See* 780 F.3d at 637-38 (holding that an ALJ may not account for a claimant's moderate CPP limitations by restricting the RFC to simple, routine tasks or unskilled work without explaining why such provisions adequately address the claimant's CPP limitations); *Henry v. Berryhill*, No. BPG-17-57, 2018 WL 558839, at *3 (D. Md. Jan. 25, 2018) (remanding when the ALJ's decision only contained a limitation for the Plaintiff's moderate social functioning but not for Plaintiff's moderate CPP limitation when the ALJ limited Plaintiff to

simple, routine, repetitive work with few to non-workplace changes). Second, regardless of whether that assumption is true, a more fundamental problem remains: the Court is left "to guess" and remains uncertain as to the ALJ's intentions and reasoning. *See Mascio*, 780 F.3d at 637.

Although there is no per se rule requiring remand when an ALJ fails to analyze a function, remand is appropriate when an ALJ fails to evaluate a "relevant" function. *Dowling v. Comm'r of Soc. Sec. Admin*, 986 F.3d 377, 388-89 (4th Cir. 2021). Here, the ALJ's finding that Plaintiff has a moderate CPP limitation triggered a duty to either address the CPP in the RFC assessment or explain why doing so is unnecessary. *Mascio*, 780 F.3d at 638. Given the relevance of CPP to Plaintiff's case, the ALJ's failure to explain how the evidence supports the RFC assessment's CPP related provisions is an error that warrants remand.[4] *See Dowling*, 986 F.3d at 389.

Remand is appropriate if "inadequacies in the ALJ's analysis frustrate meaningful review." *Mascio*, 780 F.3d at 636-37 (finding the ALJ's lack of reasoning constituted reversible—rather than harmless—error because the Court was "left to guess about how the ALJ arrived at [their] conclusions"); *see also Thomas v. Comm'r, Soc. Sec. Admin.*, No. SAG-16-1229, 2017 WL 1193990, *2 (D. Md. Mar. 29, 2017) (remanding when the ALJ's discussion was "simply insufficient" regarding the plaintiff's "ability to work consistently over an eight-hour workday."). On remand, the ALJ must either: (1) explain how the RFC addresses Plaintiff's moderate CPP limitations or (2) explain why no RFC limitation is necessary to address these limitations. *See Talmo v. Comm'r, Soc. Sec.*, No. ELH-14-2214, 2015 WL 2395108, at *3 (D. Md. May 19, 2015); *Mascio*, 780 F.3d at 638. Because the case is being remanded on these grounds, the Court need not address Plaintiff's other argument. In remanding for further explanation, the Court expresses no opinion as to whether the ALJ's conclusion that Plaintiff is not entitled to benefits is correct.

---

[4] Additionally, the ALJ did not account for the limitations when assigning persuasive value to medical opinions in the record.[4] For example, the ALJ found Dr. Christina Grand's opinion persuasive, as it relates to her specific limitations in paragraph B. Tr. 1399. However, Dr. Grand's opinion is inconsistent because she found that Plaintiff had mild CPP limitations. *Id.* Additionally, as Plaintiff correctly avers, no medical opinion provides "detailed findings" regarding Plaintiff's CPP limitations. *See* Tr. 1398-1400; ECF 11, at 10, n.8; *Sizemore v. Berryhill*, 878 F.3d 72, 80-81 (4th Cir. 2017).

*Deartra T. v. O'Malley*
Civil No. 23-2729-CDA
August 23, 2024
Page 6

## V.     CONCLUSION

For the reasons set forth herein, pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is REVERSED due to inadequate analysis and REMANDED for further proceedings in accordance with this opinion.  The clerk is directed to CLOSE this case.  Despite the informal nature of this letter, it should be flagged as a Memorandum Opinion.  A separate implementing Order follows.

Sincerely,

/s/

Charles D. Austin
United States Magistrate Judge